**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: | CASE NO.: 19-21510 (JJT) |
| ONLINEAUTOPARTS.COM, LLC | CHAPTER 7 |
| Debtor. | |
| ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ONLINEAUTOPARTS.COM, LLC | ADV. PRO NO.: 20-02019 |
| Plaintiff, v. | |
| SSF IMPORTED AUTO PARTS, LLC | JULY 28, 2020 |
| Defendant. | |

**AMENDED COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §547, RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.SC. §550 AND DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §550**

**Background**

1. On August 30, 2019 (the "Petition Date"), a Chapter 7 Voluntary Petition was filed by the debtor, OnlineAutoParts.com, LLC (the "Debtor").

2. The plaintiff, Anthony S. Novak is the duly appointed Chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the Debtor's Estate.

3. The defendant, SSF Imported Auto Parts, LLC (the "Defendant") is a California limited liability company with its principal place of business at 466 Forbes Boulevard, South San Francisco, CA 94080.

## Nature of Case

4. This Amended Complaint (the "Complaint") seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of the Defendant by the Debtor during the ninety-day (90) period prior to the filing of the Debtor's bankruptcy petition pursuant to 11 U.S.C. §§547 and 550. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's Chapter 7 Estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's or the Debtor's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. §502 (a) through (g) ("§502") and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to §502 may be sought by Plaintiff herein as further stated below.

## Jurisdiction

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. §157(b)(2). Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§1391 and 1409.

## Claims for Relief

### Count One
**Avoidance of Preference Transfers - 11 U.S.C. §547**

1-5. Paragraphs 1-5 of this Complaint are repeated and re-alleged as if fully set forth herein.

6.	On or within ninety (90) days before the Petition Date, that is between June 1, 2019 through August 30, 2019 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

7.	By this Complaint, the Plaintiff is seeking to avoid all the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period for the benefit of the Debtor.

8.	Plaintiff has determined that the Debtor made net transfers to Defendant during the Preference Period in an amount not less than $153,618.71 as follows:

| Date of Transfer | Amount of Transfer |
|---|---|
| August 12, 2019 | $ 10,923.93 |
| August 12, 2019 | $ 7,151.52 |
| August 13, 2019 | $ 8,561.28 |
| August 13, 2019 | $ 12,168.93 |
| August 13, 2019 | $ 24,406.39 |
| August 15, 2019 | $ 18,785.21 |
| August 19, 2019 | $ 16,992.51 |
| August 20, 2019 | $ 15,552.58 |
| August 21, 2019 | $ 8,320.39 |
| August 22, 2019 | $ 8,661.40 |
| August 23, 2019 | $ 10,951.05 |
| August 26, 2019 | $ 11,143.52 |
| Total: | $ 153,618.71 |

(the "Transfers").

9.	During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding

the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

10. Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. §101(10)(A).

11. At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to it by the Debtor.

12. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

13. The Transfers were for, or on account of, antecedent debts owed by the Debtor before the Transfers were made.

14. The Debtor was insolvent at all times during the ninety (90) days prior to the Petition Date. Plaintiff is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. §547(f).

15. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

16. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its

assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy Estate.

17. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §547(b).

## Count Two
### Recovery of Avoided Transfers -11 U.S.C. §550

1-17. Paragraphs 1-17 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §547(b).

19. Defendant was the initial transferee of the Transfers.

20. Pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## Count Three
### Disallowance of all Claims -11 U.S.C. §§502(d) and (j)

1-20. Paragraphs 1-20 of this Complaint are repeated and re-alleged as if fully set forth herein.

21. Defendant is an entity from which property is recoverable under 11 U.S.C. §550.

22. Defendant is a transferee of the Transfers avoidable under 11 U.S.C. §547.

23. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. §550.

24. Pursuant to 11 U.S.C. §502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's Chapter 7 Estate or Plaintiff must be disallowed until such time as

Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief against Defendant:

1. As to Counts One through Three, that the Court enter a judgment against Defendant;

2. That the Transfers avoidable under 11 U.S.C. §547 in the amount of $153,618.71 be avoided;

3. That the Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547, be recovered by Plaintiff pursuant to 11 U.S.C. §550;

4. Disallowing, in accordance with 11 U.S.C. §502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

5. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

6. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

7. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

8. Granting Plaintiff such other and further relief as the Court deems just and proper.

**ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ONLINEAUTOPARTS.COM, LLC**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203.691.8762
jeff@jeffhellmanlaw.com